UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | |
|---|---|
| DALE R. BOLICK,<br>    Plaintiff,<br><br>vs.<br><br>LEATHERCRAFT, INC.,<br>    Defendants. | COMPLAINT<br>(Jury Trial Demanded)<br><br>No. 5:19-cv-00058 |

**THE PLAINTIFF DALE R. BOLICK ("Plaintiff")**, complaining of the Defendant Leathercraft, Inc., alleges and says as follows:

1. The Plaintiff is a citizen and resident of Catawba County, North Carolina.

2. The Plaintiff is a former employee of Defendant Leathercraft, Inc. ("Defendant Leathercraft").

3. On or about January 10, 2019, the Plaintiff was terminated from employment by Defendant Leathercraft.

4. At the time of termination from his employment with Defendant Leathercraft the Plaintiff was 66 years old.

5. Defendant Leathercraft is a North Carolina corporation with its principal place of business located in Hickory, Catawba County, North Carolina.

6. Defendant Leathercraft is in the business of building, marketing and selling furniture.

7. This is a proceeding for, *inter alia*, damages to redress the deprivation of rights secured to the Plaintiff by the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et. seq. as amended (the "ADEA") which incorporates by reference Section 16(b), 29 U.S.C. § 216(b) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et. seq.., as well as the North Carolina Equal Employment Practices Act.

8. The unlawful employment practices alleged below were committed within Hickory, Catawba County, North Carolina.

9. Defendant Leathercraft is or was at the time relevant to this Complaint, engaged in an industry affecting commerce, as defined in the ADEA.

1

10. Upon information and belief, Defendant Leathercraft has twenty (20) or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

11. Defendant Leathercraft is an "employer" within the meaning of the ADEA.

## FACTS

12. In the year 2006, Plaintiff was hired by Defendant Leathercraft to work as a Product Developer/Pattern Maker.

13. Plaintiff's job consisted of developing furniture patterns and building pieces of furniture for Defendant Leathercraft.

14. In or around 2016, Plaintiff's supervisor at Defendant Leathercraft became Mr. David Sigmon ("Mr. Sigmon").

15. Upon information and belief, Mr. Sigmon is the Vice President of Sales and Marketing at Defendant Leathercraft.

16. In his job at Defendant Leathercraft, Plaintiff reported directly to Mr. Sigmon.

17. At the time of his hire and continuing until approximately one (1) year prior to his termination from employment, Plaintiff worked in a one person department.

18. Approximately one (1) year prior to Plaintiff's termination, Defendant Leathercraft hired an individual named "Jorge" to work in the same department with the Plaintiff.

19. Upon information and belief, Jorge was an approximately 34 year old male.

20. After Jorge was hired by Defendant Leathercraft, Plaintiff was instructed by his superiors at Defendant Leathercraft to train Jorge to perform Plaintiff's job and for Jorge to assist the Plaintiff with his work.

21. In the year prior to Plaintiff's termination from employment with Defendant Leathercraft, Plaintiff was subjected to a hostile work environment and systemic scheme of discrimination on the basis of his age. The basis of this campaign was directed at removing Plaintiff from his job due to his advanced age and replacing him with Jorge. This campaign of hostility in order to remove Plaintiff from his job due to his age took the following forms, among others:

    (a) Beginning in 2018, Mr. Sigmon began continually telling the Plaintiff that "he couldn't do what he used to do" in terms of his job, work quality and ability. Mr. Sigmon's

comments were made on multiple occasions to the Plaintiff and Plaintiff understood them to be directed at his apparent advanced age.

(b) Beginning in 2018, Mr. Sigmon began to continually ask the Plaintiff when he was going to "retire" and commenting on the Plaintiff's advanced age. Mr. Sigmon also told the Plaintiff that he had been "working for too long." As a result of the continuing commentary on his age and physical condition, Plaintiff understood that Defendant Leathercraft was applying pressure on Plaintiff to retire.

(c) Approximately one (1) year prior to his termination from employment, Defendant Leathercraft hired Jorge, a much younger employee, to be trained by the Plaintiff. Defendant Leathercraft ultimately gave Jorge the Plaintiff's job following the Plaintiff's termination from employment.

22. In early January 2019, Mr. Sigmon requested that Plaintiff personally build a tufted sectional/sofa for a specific customer of Defendant Leathercraft.

23. After Plaintiff completed the build of the sectional/sofa, it was presented to a quality inspector with Defendant Leathercraft named Tammy ("Tammy").

24. Tammy told the Plaintiff that the sectional/sofa had been inspected by Mr. Sigmon and he did not like certain parts of the sectional/sofa.

25. Plaintiff responded to Tammy that he did not "know what she was talking about."

26. Tammy then started screaming at the Plaintiff.

27. Later that day, Plaintiff was called into a meeting with Defendant Leathercraft's human resources director and was terminated from employment.

28. The reason given by Defendant Leathercraft for the Plaintiff's termination was the confrontation with Tammy, in particularly the way that Plaintiff has apparently "talked" to Tammy.

29. After terminating the Plaintiff, Defendant Leathercraft placed Jorge into the Plaintiff's former job position.

30. Defendant Leathercraft's reason for terminating the Plaintiff was and is pre-textual.

31. Upon information and belief, Plaintiff did not have prior reported incidents involving work place conflict or confrontation during his employment with Defendant Leathercraft.

32. Defendant Leathercraft terminated Plaintiff based upon its desire to replace Plaintiff with a younger employee.

3

Case 5:19-cv-00058-RJC-DSC   Document 1   Filed 05/10/19   Page 3 of 7

33. Defendant Leathercraft terminated Plaintiff based upon its desire to remove Plaintiff from employment due to the Plaintiff's age.

34. Defendant Leathercraft's termination of the Plaintiff violated one, some or all of the following laws: the ADEA and the work place discrimination laws of the State of North Carolina.

35. Prior to filing this civil action, Plaintiff timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC").

36. Plaintiff's Charge of Discrimination was filed within the prescribed time period from the date on which he was notified of his termination by Defendant Leathercraft.

37. The EEOC issued Plaintiff a right to sue letter, mailed on or about February 11, 2019.

38. This Complaint is filed within 90 days of the Plaintiff's receipt of his Notice of Right to Sue Letter.

## FIRST CLAIM FOR RELIEF
## UNLAWFUL DISCRIMINATION OF ACCOUNT OF AGE IN VIOLATION OF THE ADEA

39. Plaintiff hereby incorporates and reasserts all paragraphs of this Complaint as if fully set forth herein.

40. Defendant Leathercraft willfully discriminated against the Plaintiff on account of age in violation of Section 4(a)(1) of the ADEA, 29 U.S.C. § 623(a)(1), with respect to its decision to discharge the Plaintiff from employment, not warning the Plaintiff or otherwise discussing the incident with Tammy with the Plaintiff, and by hiring a much younger employee to ultimately be trained by the Plaintiff and to replace the Plaintiff.

41. As a direct and proximate consequence of Defendant Leathercraft's unlawful and discriminatory employment policies and practices, the Plaintiff has suffered a loss of income, including past and future salary, and benefits.

42. Defendant Leathercraft acted unlawfully and discriminated against Plaintiff on the basis of age by:

   i. Plaintiff's supervisor continually telling the Plaintiff that "he couldn't do what he used to could do" in terms of his work quality and ability;

   ii. Plaintiff's supervisor continually asking the Plaintiff when he was going to "retire" and commenting on the Plaintiff's age;

4

iii. Plaintiff's supervisor commenting that Plaintiff has been working for too long;

iv. Terminating the Plaintiff and replacing him with a much younger co-worker who Plaintiff had trained;

v. Originating a plan to replace the Plaintiff with a younger individual.

vi. Creating a hostile and offensive work environment for older employees; and

vii. In other ways to be shown through discovery and trial of this matter.

43. The above described actions by the Defendant violated the provisions of the ADEA, as amended, justifying an award, of *inter alia*, back pay, front pay, benefits, compensatory and liquidated damages against the Defendant.

## SECOND CLAIM FOR RELIEF:
## WRONGFUL DISCHARGE - N.C. GEN. STAT. § 143-422.1 et. seq., NORTH CAROLINA EQUAL EMPLOYMENT PRACTICES ACT AND NORTH CAROLINA PUBLIC POLICY

44. Plaintiff hereby incorporates and reasserts all paragraphs of this Complaint as if fully set forth herein.

45. Upon information and belief, Defendant Leathercraft had 15 or more employees such that it would be subject to claims made under N.C. Gen. Stat. § 143-422.1, et. seq. and other similar statutes.

46. Plaintiff was over 40 years old at the time of his termination by Defendant Leathercraft.

47. Under N.C. Gen. Stat. § 143-422.1, et. seq. Plaintiff was a protected class member due to his age.

48. It is the public policy of the State of North Carolina to "protect and safeguard the right and opportunity of all persons to seek, obtain and hold employment without discrimination or abridgement" because of membership in a protected class.

49. As outlined above and herein, Defendant Leathercraft exhibited a hostile, threatening and harassing attitude towards Plaintiff due to his age.

50. Mr. Sigmon's conduct, carried out in his capacity as Plaintiff's supervisor at Defendant Leathercraft, was ongoing and pervasive, and hostile.

5

Case 5:19-cv-00058-RJC-DSC   Document 1   Filed 05/10/19   Page 5 of 7

51. Mr. Sigmon's behavior and conduct, as described herein and in his capacity as Plaintiff's supervisor, qualifies as age discrimination.

52. Plaintiff was wrongfully terminated from employment by Defendant Leathercraft due to his age.

53. Defendant Leathercraft improperly replaced Plaintiff in employment with a much younger individual.

54. Plaintiff's wrongful discharge violates well established North Carolina public policy.

55. As a result of his wrongful discharge and pursuant to N.C. Gen. Stat. § 143-422.1 et. seq., Plaintiff is entitled to damages as set forth herein.

### THRID CLAIM FOR RELIEF
### DAMAGES

56. Plaintiff hereby incorporates and reasserts all paragraphs of this Complaint as if fully set forth herein.

57. As a proximate result of Defendant Leathercraft's wrongful conduct described herein, Plaintiff has suffered substantial damages, including loss of income, loss of employment, loss of enjoyment and quality of life, and other damages as to be proven at trial. Accordingly, Plaintiff is entitled to compensatory damages in an amount in excess of $25,000.00.

58. In the above actions, Defendant Leathercraft acted maliciously, willfully and wrongfully and in reckless disregard of Plaintiff's rights. There were aggravating circumstances involved in the Defendant's conduct as more specifically described in the paragraphs above, which allegations are incorporated herein. Accordingly, Plaintiff is entitled to punitive damages in an amount to be determined by the jury pursuant to Section 1D of the North Carolina General Statutes.

**WHEREFORE**, Plaintiff respectfully prays for judgment against the Defendant Leathercraft as follows:

(a) For a money judgment representing compensatory damages, including lost wages or back pay, and all other sums of money, including retirement benefits and other employment benefits, together with interest on said amounts;

(b) For a money judgment representing liquidated damages for Defendant Leathercraft's willful violations of the Age Discrimination in Employment Act;

6

(c) For a money judgment representing prejudgment interest;

(d) That the Court retain jurisdiction over this action until the Defendant has fully complied with the Orders of this Court and that the Court require the Defendant to file such reports as may be necessary to supervise such compliance;

(e) For the costs of suit, including an award of reasonable attorney's fees pursuant to 29 U.S.C. §§ 626(b) and § 216(b) [ADEA];

(f) For a trial by jury of all issues in this action; and

(g) For such other and further relief as may be just and proper.

This the 10 day of May, 2019

SIGMON, CLARK, MACKIE,
HANVEY & FERRELL, P.A.

By: _____
Andrew J. Howell
N.C. Bar #: 42921
Attorneys for Plaintiff
P.O. Drawer 1470
Hickory, NC 28603
Phone: 828-328-2596
Fax: 828-328-6876